UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| TIMOTHY L. SIMMONS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 20-040-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN, FCI-ASHLAND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Timothy L. Simmons is an inmate currently confined at the Federal Correctional Institution ("FCI") – Ashland located in Ashland, Kentucky. Proceeding without counsel, Simmons has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking immediate release to home detention in light of the ongoing COVID-19 pandemic. [R. 1][1]  Simmons has also filed an "Emergency Motion for Expedited, Injunctive, and for Other Relief." [R. 5]  Simmons has paid the $5.00 filing fee. [R. 1-4]

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In March 2018, pursuant to a plea agreement with the United States, Simmons pled guilty in the United States District Court for the Southern District of Indiana to two counts of possession of sexually explicit material involving minors in violation of 18 U.S.C. § 2252(a)(4)(B) and nine

---

[1] *See* General Order No. 20-03 (Mar. 23, 2020), docketed in the record at R. 4, for further information about the COVID-19 pandemic.

counts of distribution and receipt of sexually explicit material involving minors in violation of 18 U.S.C. § 2252(a)(2). Simmons was sentenced to a term of imprisonment of 108 months on each of the eleven counts, to run concurrently for a total term of imprisonment of 108 months. *United States v. Simmons*, No. 3:17-CR-017-RLY-MPB (S.D. Ind. 2017). Simmons is currently projected to be released from the custody of the federal Bureau of Prisons ("BOP") on February 9, 2025. *See* https://www.bop.gov/inmateloc/ (last visited on April 15, 2020).

In his petition, Simmons requests immediate release to home confinement, as he claims to satisfy the criteria set forth in a March 26, 2020 Memorandum issued by the Office of the Attorney General of the United States to the Director of the BOP regarding prioritizing home confinement of current federal inmates where appropriate in response to the ongoing COVID-19 pandemic. *See* March 26, 2020 Memorandum from the Attorney General to the Director of BOP regarding "Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic," available at https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf (hereinafter referred to as the "Memorandum").

In the Memorandum, the Attorney General directs the BOP director to "prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." *Id*. The Memorandum then sets forth a non-exhaustive list of discretionary factors to be considered in assessing which inmates should be granted home confinement, including the following:

- The age and vulnerability of the inmate to COVID-19, in accordance with the Center for Disease Control and Prevention ("CDC") guidelines;

- The security level of the facility currently holding the inmate, with priority given to inmates residing in low and minimum security facilities;

- The inmate's conduct in prison, with inmates who have engaged in violent or gang-related activity in prison or who have incurred a BOP violation

> within the last year not receiving priority treatment under this Memorandum;
>
> - The inmate's score under PATTERN, with inmates who have anything above a minimum score not receiving priority treatment under this Memorandum;
>
> - Whether the inmate has a demonstrated and verifiable re-entry plan that will prevent recidivism and maximize public safety, including verification that the conditions under which the inmate would be confined upon release would present a lower risk of contracting COVID-19 than the inmate would face in his or her BOP facility;
>
> - The inmate's crime of conviction, and assessment of the danger posed by the inmate to the community. Some offenses, such as sex offenses, will render an inmate ineligible for home detention. Other serious offenses should weigh more heavily against consideration for home detention.

*Id*. Finally, the Memorandum instructs that "You should grant home confinement only when the BOP has determined – based on the totality of the circumstances for each individual inmate – that transfer to home confinement is likely not to increase the inmate's risk of contracting COVID-19." *Id*. Thus, while encouraging the utilization of home confinement as an alternative, the Memorandum clearly leaves the determination of whether home confinement is appropriate to the discretion of the BOP.

In his § 2241 petition, Simmons claims that he demonstrates "full satisfaction" of all of the criteria set forth in the Memorandum. Thus, he seeks immediate release to home confinement for the remainder of his sentence in accordance with the Memorandum and the First Step Act as amended by 18 U.S.C. § 3582(c)(A)(1)(i). [R. 1-1][2] He admits that he has not pursued any administrative remedies with respect to his request for release [R. 1 at p. 4], but requests that the

---

[2] Simmons also refers to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), [R. 1-1 at p. 1] which was enacted on March 27, 2020, and includes a provision that temporarily expands the length of the maximum amount of time for which the Attorney General is authorized to place a prisoner in home confinement under 18 U.S.C. § 3624(c)(2). *See* CARES Act, § 12003(b)(2) (enacted Mar. 27, 2020).

Court "exercise its equitable authority and waive the otherwise generally required exhaustion requirement." [R. 5 at p. 8, 9-11]

After thoroughly reviewing Simmons' § 2241 petition and memorandum, [R. 1, 1-1] as well as his "Emergency Motion for Expedited Injunctive and For Other Relief," [R. 5] the Court finds that his petition must be denied without prejudice. As an initial matter, the Court notes that Simmons is essentially seeking compassionate release to home detention, not habeas relief pursuant to § 2241. Indeed, in Simmons' "Emergency Motion," he urges the Court to consider the factors of 18 U.S.C. §§ 3582(c) and 3353(a) in determining whether he should be released to home confinement. However, a motion for modification of an imposed term of imprisonment under 18 U.S.C. § 3582(c) should be made to the Court that sentenced Simmons, not this Court. *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence).

Even if Simmons were seeking habeas relief, before a prisoner may seek habeas relief under § 2241, he must first exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)) In addition, exhaustion of the available administrative procedures also ensures that the Court has an adequate record before it to review the agency action in question.

4

*Woodford*, 548 U.S. at 89.  *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)).

Indeed, because Simmons has not even presented his request to the BOP, it is possible that the BOP would grant Simmons' request without the need to resort to federal litigation.  In addition, without a full administrative record explaining the BOP's actions and the reasons therefore, the Court lacks an adequate evidentiary basis upon which to review the claims asserted in the petition.  While the Court is certainly sympathetic to Simmons' desire to pursue the possibility of home confinement in light of the COVID-19 pandemic, and particularly to his desire to move as quickly as possible with respect to his request, this Court cannot utilize 18 U.S.C. § 3582(c) to modify a sentence that it did not impose.  Nor may the Court consider a request for habeas relief where Simmons concedes that he failed to pursue *any* available administrative remedies, much less fully exhaust those remedies, prior to filing his petition.  For these reasons, denial of his petition without prejudice is warranted.

Accordingly, it is **ORDERED** as follows:

1. Petitioner Timothy L. Simmons' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE**.

2. Simmons' "Emergency Motion for Expedited, Injunctive, and for Other Relief" [R 5] is **DENIED AS MOOT**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 17th day of April, 2020.



Signed By:
**William O. Bertelsman** *WOB*
United States District Judge